[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Edward J. Montambault, Jr. appeals the decision of the defendant commissioner of motor vehicles suspending his motor vehicle operator's license. The commissioner acted pursuant to General Statutes § 14-227b on the basis that the plaintiff refused to submit to a chemical test of the alcohol content of his blood after being arrested on a charge of operating a vehicle while under the influence of alcohol. The plaintiff appeals pursuant to § 4-183. The court finds in favor of the defendant commissioner.
In his brief, the plaintiff raises a single issue: that his alleged refusal to submit to a breath test was improperly witnessed by the police, thereby rendering their report on the A-44 report form inadmissible.
The facts relevant to the plaintiff's argument are not in dispute and fully reflected in the record. Officer Bartolotta of the state police arrested the plaintiff and signed the A-44 form, under oath, as the arresting officer. Sergeant Accosta CT Page 14154 of the state police administered the oath to Bartolotta. Sergeant Accosta also signed the A-44 form as a witness to the plaintiff's refusal to submit to the breath test.
General Statutes § 14-227b(c) provides, in relevant part, "If the person arrested refused to submit to such test or analysis, the report shall be endorsed by a third person who witnessed such refusal." The plaintiff argues that Accosta cannot be considered a "third person's within the meaning of the statute. Rather, he claims, the statute must be read to require a third police officer present as a witness, in addition to the arresting officer and the officer who administers the oath to the signer of the form.
The plaintiff admits that there is no case law or other authority that supports his argument. He relies simply on his interpretation of the statute, pointing out the significant penalty for refusing to submit to a test and the consequent importance of authenticating the police report of such refusal.
The plaintiff's argument is intriguing, but, in the court's view, not sustainable. Section 14-227b(c) provides that the arresting officer must perform various duties in behalf of the commissioner of motor vehicles, including the preparation of a written report of the incident on a motor vehicle department form. It speaks essentially of two persons: the accused and the arresting officer. The "third person" is someone in addition to those two. It is true that the statute provides that the report "shall be subscribed and sworn to under penalties of false statement as provided in section 53a-157b by the arresting officer," indicating that another person must be present to administer the oath. The statute does not, however, require that either the person administering the oath or the person who witnesses the refusal be a police officer, nor does it require that these functions be performed by different people. In this regard, the court notes that the statute does not require that the witness's endorsement be under oath.
The plain purpose of the statutory provision in question is to require that someone witness the refusal in addition to the arresting officer. That requirement adds an extra measure of reliability to the arresting officer's report and points to a witness who may be summoned to the administrative hearing to testify if desired. The requirement was fully satisfied in this case, notwithstanding the officer who signed the report as the CT Page 14155 witness to the refusal also administered the oath to the arresting officer.
The hearing officer correctly determined that the A- 44 report form was admissible. As such, it provided sufficient evidence of the plaintiff's refusal to submit to a breath test.
The appeal is dismissed.
MALONEY, J.